UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>ASHLEY NICOLE LEYBA,<br><br>                Defendant. | No. 2:22-cr-98 WBS<br><br><br>ORDER |

----oo0oo----

Defendant has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  (Docket No. 43.)  Defendant claims that she was subjected to sexual abuse committed by a prison guard at FCI Dublin during her incarceration at that facility.  Defendant also appears to contend that a reduction of sentence is warranted by the conditions at her current facility such as frequent lockdowns and insufficient staffing as well as conditions during her transfers to other facilities.

The court recognizes that pursuant to the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389

1   (2022), it must consider all of a defendant's nonfrivolous

2   reasons for a reduction.  <u>United States v. Carter</u>, 44 F.4th 1227

3   (9th Cir. 2022).  Accordingly, the court considers all of the

4   arguments raised by defendant in the instant motion.

5          While U.S.S.G. § 1B1.13(b)(4) authorizes a sentence

6   reduction for victims of sexual abuse committed by correctional

7   officers, it requires that "the misconduct [] be established by a

8   conviction in a criminal case, a finding or admission of

9   liability in a civil case, or a finding in an administrative

10  proceeding, unless such proceedings are unduly delayed or the

11  defendant is in imminent danger."  The government concedes that

12  the officer in question was in fact convicted of sexually

13  assaulting prisoners at FCI Dublin.  However, it notes that

14  defendant provides no evidence that she was a victim of that

15  officer, as she has not filed an administrative tort claim, she

16  has not joined any of the civil actions pending in the Northern

17  District of California, and the officer's conviction documents

18  make no mention of her as a victim.  (Docket No. 49 at 4.)

19         Defendant has not met her burden of showing her

20  eligibility for a sentence reduction under § 1B1.13(b)(4).  There

21  is no indication that the officer was convicted for conduct

22  suffered by defendant, as opposed to conduct suffered by other

23  inmates at FCI Dublin, and defendant has not shown a finding or

24  admission of liability by the officer of any conduct against this

25  defendant.  Defendant also has not shown any finding in an

26  administrative proceeding involving defendant, and she does not

27  claim that any such proceeding was unduly delayed or that she is

28  in imminent danger.

1    Accordingly, the court will not grant a sentence
2 reduction under § 1B1.13(b)(4).  See, e.g., United States v.
3 Messina, 11-CR-21 (KAM), 2024 WL 2853119, at *7 (E.D.N.Y. June 4,
4 2024) (defendant who brought complaint that was ultimately closed
5 did not meet the victim-of-abuse standard because, inter alia,
6 there was no official finding of sexual abuse or serious bodily
7 injury); United States v. Left Hand, Case No. 1:16-cr-189, 2024
8 WL 579206, at *5 (D.N.D. Feb. 13, 2024) (defendant allegedly
9 sexually assaulted by corrections officer ineligible for sentence
10 reduction under victim-of-abuse standard because officer had been
11 indicted but not yet convicted).

12    The court also does not find that the defendant
13 warrants a sentence reduction based on current conditions at FCI
14 Aliceville.  As an initial matter, defendant's complaints about
15 the conditions of her confinement such unsanitary conditions,
16 excessive lockdowns, and insufficient staffing at FCI Aliceville
17 are more appropriately brought via a suit or petition filed in
18 the district court where the petitioner is housed.  See, e.g.,
19 Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).
20 Because defendant is currently housed in Aliceville, Alabama,
21 such a suit or petition must be brought in the appropriate
22 federal district court in Alabama.

23    Even assuming the conditions of her current and past
24 confinement are appropriately addressed in a motion under 18
25 U.S.C. § 3582(c)(1)(A) brought in this district, the court does
26 not find that collectively they warrant a sentence reduction at
27 this time.  Accordingly, defendant's request for a sentence
28 reduction (Docket No. 43) is DENIED.

1          IT IS SO ORDERED.

2  Dated:   December 4, 2024

3                                    WILLIAM B. SHUBB
                                     UNITED STATES DISTRICT JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28